FILED
June 30, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003604347

Scott Jordan    (SBN: 244858)
JORDAN LAW OFFICE
319 Diablo Road, Suite 202
Danville, CA 94526
Tel: (925) 362-1725
Fax: (925) 263-1905
Email: sjordan@danvillelawgroup.com

Attorney for Movant: Marie Peters

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

| In re:<br>**PETERS REAL ESTATE HOLDINGS, LLC**<br><br>Debtor(s). | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 11-24137-D11<br><br>Chapter: 11<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS CHAPTER 11 BANKRUPTCY CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION MARIE PETERS IN SUPPORT OF**<br><br>Hearing Date:  July 7, 2011<br>Time:             10:00a.m.<br>Judge:            Hon. Robert S. Bardwil |
|---|---|---|

**TO THE COURT AND ALL PARTIES:**

**NOTICE IS HEREBY GIVEN** that on July 7, 2011 at 10:00a.m., or as soon thereafter as the matter may be hearing in Courtroom 34 of the above-entitled court located at 501 I Street, 6th Floor, Sacramento, California, Movant Marie Peter's will move the Court to dismiss this Chapter 11 Bankruptcy petition pursuant to 11 U.S.C. §1112(b)(1).

This Motion is premised upon the ground that Michael Peters acted unilaterally and without authority as a co-Manager of Peters Real Estate Holdings, LLC in violation of the LLC Operating Agreement.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the attached Declaration of Marie Peters with Exhibits attached

thereto, as well as such other evidence that may be produced at the time of the hearing on the Motion.

If you wish to oppose the Motion, by Court order, you must file a written opposition with the above-reference Court no later than July 5, 2011 and serve a copy of same on all appearing parties by electronic mail or facsimile transmission.

If you fail to file a written opposition with the Court and serve it on the parties by the date indicated, the Court may enter an order granting the relief requested in the Motion.

Dated: June 30, 2011                    By: ____/s/ Scott Jordan_____
                                             Scott Jordan
                                             Attorney for Movant

### Memorandum of Points and Authorities

**I.  THE CHAPTER 11 PETITION WAS NOT AUTHORIZED BY UNANIMOUS CONSENT OF THE LLC MEMBERS AND SHOULD BE DISMISSED**

A party initiating bankruptcy proceedings must have the authority to do so. <u>Price v. Gurney</u>, (1945) 324 U.S. 100, 105-107. Determining authority is a question of state law, and in the case of a limited liability company is governed by the operating agreement, which defines the rights of members. <u>In Re FKF Madison Park Group Owner, LLC v. Shapiro</u>, Nos. 10-11867, 10-56158, (U.S.B.C, D. Delaware January 31, 2011).

Michael Peters and Marie Peters are co-equal members of the debtor LLC under authority of an Operating Agreement dated February 12, 2002 and amended on May 9, 2005. The Operating Agreement explicitly states that "The Company, without the unanimous consent of its member, shall not file, or consent to the filing of, a bankruptcy or insolvency petition or otherwise institute insolvency proceedings." (Declaration of Marie Peters in Support of, Exhibit A, section 2.13.12, page 7)  In most operational matters, the Manager of the LLC is granted the authority to conduct the business affairs of the LLC.  The co-Managers of the LLC are Michael Peters and Marie Peters. (Declaration of Marie Peters in Support of, Exhibit B, section 1.15, page 1)

Michael Peters, through his attorney, acted on his own authority and caused this Chapter 11 petition to be filed. A Manager of the LLC lacks the authority to file a Chapter 11 petition if the Operating Agreement prohibits such action without the unanimous consent of the Members. In re DB Capital Holding, LLC, Nos. CO-10-046, 10-23242, 2010 WL 4925811 (B.A.P. 10th Cir. December 6, 2010). In *DB Capital Holding*, the Appellate Court held that a Manager lacked authority to file a Chapter 11 petition because the LLC's operating agreement contained language explicitly prohibiting the manager from taking such action. Here, the co-Manager and co-Member, Marie Peters was not consulted with and did not consent to the Chapter 11 petition prior to its being filed. As such, Michael Peters acted alone and without consent and therefore lacked the authority to file this proceeding on behalf of the LLC. Accordingly, since the Chapter 11 petition filing was unauthorized and beyond the scope of Michael Peters' authority, this proceeding should be dismissed pursuant to 11 USC §1112(b)(1).

## Conclusion

In conclusion, Marie Peters respectfully requests that:

1. The Court dismiss this Chapter 11 bankruptcy petition and plan without prejudice;
2. Grant such other relief at the discretion of the Court.

Respectfully submitted,

Date: June 30, 2011                             DANVILLE LAW GROUP

                                                By: /s/ *Scott Jordan*
                                                    Scott Jordan